UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

KYREK STEPHON PURDIMAN                                                        PLAINTIFF

v.                                                CIVIL ACTION NO. 4:18-CV-P141-JHM

DAVIESS COUNTY DETENTION CENTER                          DEFENDANT

**MEMORANDUM OPINION**

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I. SUMMARY OF COMPLAINT**

Plaintiff is incarcerated at Daviess County Detention Center (DCDC), which he names as the Defendant in this action. Plaintiff alleges that DCDC "refuses to allow me my right to have access to a legal library." He writes: "Community custody level has access to some legal books, and Federal inmates has access to a digital law library while I have been refused access to either." As relief, Plaintiff seeks unspecified compensatory and punitive damages and injunctive relief.

**II. LEGAL STANDARD**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, courts have recognized repeatedly that there is no constitutionally protected right of access to a law library. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (noting that "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance"). "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id*. (quoting Bounds v. Smith, 430 U.S. at 825). In order to state a claim for interference with access to the courts, a plaintiff must show an actual injury. *Id*. at 349. "[A]n inmate cannot establish relevant actual injury simply by establishing that his prison law library or legal assistance program is subpar in some theoretical sense." *Id*. at 351. Rather, "'[m]eaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or

legal assistance program hindered his efforts to pursue a legal claim." *Id*. (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Furthermore, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The *Christopher* Court clarified that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id*. at 416.

In the present case, Plaintiff fails to allege actual injury or prejudice to any pending legal action or state how any legal action in which he is involved was hindered. Accordingly, Plaintiff's allegation that he was denied access to a law library fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will enter a separate Order dismissing this action pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: September 25, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
Defendant
Daviess County Attorney
4414.011

4